IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

MARILLY HURTADO,

          Plaintiff,

   vs.

SO GONG DONG TOFU
SINCE 1962 d/b/a TOFU HOUSE
1962 KOREAN BBQ RESTAURANT
and CHONG IL WOO, individually,

          Defendants.

---

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

Plaintiff Marilly Hurtado ("Hurtado" or "Plaintiff"), by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of So Gong Dong Tofu Since 1962 d/b/a Tofu House 1962 Korean BBQ Restaurant ("Tofu House") and Chong Il Woo aka Steven Woo ("Woo"), individually (collectively "Defendants"), alleges the following:

### I.       PRELIMINARY STATEMENT

1.     Plaintiff and those similarly situated are currently or were formerly employed by Defendants as kitchen workers.

2.     Defendants have violated Federal and Colorado state law.

3.     Defendants failed to pay Plaintiff and the FLSA Collective time and one-half when they worked more than 40 hours a week.

4.     Accordingly, Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., because that Act requires employers to pay their employees one and one-half times each employee's regular rate of pay for each hour worked beyond 40 each workweek.

5.      By failing to pay overtime at time and one-half, Defendants violated the Colorado Minimum Wage Act ("CMWA")

6.      Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, et seq., which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

7.      Additionally, Defendants unlawfully terminated Plaintiff in response to learning that Plaintiff was pregnant. Upon a right to sue letter by the Colorado Civil Rights Division ("CCRD") Plaintiff will amend the complaint to add discrimination causes of action under Colorado law.

8.      Plaintiff seeks on her own behalf and on behalf of all other similarly situated, actual and liquidated damages, penalties, pre-and post-judgment interest, and attorney fees and costs regulating from Defendants' willful violations of state and federal wage law.

## II.      JURISDICTION AND VENUE

9.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq. because this civil action arises under the laws of the United States.

11.      Defendants employed the named Plaintiff and others similarly situated in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

12.      Defendants operated a unified "enterprise" for a common business purpose as defined by 29 U.S.C. § 203(r)(1).

13.      Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000 29 U.S.C. § 203(s)(10)(A)(ii).

2

14.    This Court has supplemental jurisdiction over the Colorado state law claims under the principles of pendent and ancillary jurisdiction.

15.    Venue is proper in this district under 28 U.S.C. § 1391(b).  The events giving rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

### III.    PARTIES

16.    Plaintiff is a resident of the State of Colorado.

17.    Tofu House is a registered Colorado corporation with a principal street address at 2353 S Havana St # D1, Aurora, CO 80014.

18.    Defendant Chong Il Woo aka Steven Woo is the owner of Tofu House.

19.    Defendant Woo, at all material times, exercised operational control and financial control over Tofu House, and exercised control over Plaintiff's employees' terms and conditions of employment.

20.    Plaintiff signed FLSA Consent to Sue Form is attached hereto as Exhibit 1.

### IV.    GENERAL ALLEGATIONS

21.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

**As Owner, Woo's Activities and Responsibilities**

22.    Defendant Woo monitored, supervised and directed Plaintiff and others similarly situated as to their job duties.

23.    Defendant Woo had and exercised the power to hire and fire employees and to control his employees' terms and conditions of employment.

24.    Defendant Woo controlled the work schedule of Plaintiff and others similarly situated.

25.    Defendant Woo controlled the wage rates his employees would be paid.

3

26.    Plaintiff hereby demands payment in an amount equal to all earned but unpaid wages due as well as liquidated damages.

**Plaintiff's Employment with Defendants**

27.    From May 2023, until August 25, 2024, Plaintiff worked for Defendants.

28.    Plaintiff was employed by Defendants as a prep cook.

29.    Plaintiff worked six days a week.

30.    Plaintiff worked from Tuesdays through Sundays, from 10:00 a.m. to 9:30 p.m.

31.    Plaintiff's duties included preparing meats, cutting vegetables, cleaning tables and helping the dishwasher wash the stones where the soup was displayed.

32.    Plaintiff was required to clock in and clock out for each shift.

33.    However, Defendants told Plaintiff that she had to clock in at 11:30 a.m. instead of 10:00 a.m. each day.

34.    Defendants engaged in this action because they did not want to pay Plaintiff in compliance with the law.

35.    From on or about May 2023 to on or about September 2023, Plaintiff was paid $1,500 every two weeks.

36.    From on or about October 2023 until the end of her employment, Plaintiff was paid $1,850 every two weeks.

37.    Plaintiff's salary was not inclusive of overtime.

38.    Rather, Plaintiff was only paid for the first 40 hours that she worked.

39.    Defendants circumvented their obligations with respect to overtime by not paying Plaintiff time and one-half for all hours worked past 40 hours at the correct minimum wage rate.

40.    Defendants employ similarly situated kitchen workers who likewise work more than 40 hours a week but are paid a fixed weekly salary.

41.    As a result, Defendants failed to pay Plaintiff and other employees in compliance with both the FLSA and CMWA minimum wage as he only paid them for the first 40 hours that they worked.

42.    For the first six months of her employment, Plaintiff received statements showing her weekly rate and the applicable deductions.

43.    These statements, though, did not list the hours worked or her rate of pay.  An example is annexed as Exhibit 2.

44.    For the rest of her employment, Plaintiff received a check with her wages.

45.    These checks, though, did not have withholdings.

46.    Nor did the checks include any notation of the hours she worked or her rate of pay.

47.    While Defendants told Plaintiff that they were taking withholdings, Defendants never provided Plaintiff with any proof that they were paying taxes on her behalf.   An example of these types of checks that Plaintiff received is annexed as Exhibit 3.

48.    Throughout her employment, Defendants never provided Plaintiff with a written wage notice setting forth her regular hourly rate of pay and corresponding overtime rate of pay.

49.    As noted earlier, Plaintiff's employment ended after telling Mr. Woo that she was pregnant.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

50.    The named Plaintiff brings her Count I under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants.  Pending any modifications necessitated by discovery, Plaintiff preliminary defines this "216(b) Class" as follows:

> All individuals employed by Defendants as hourly employees
> for Tofu House between November 16, 2021, and the present, who
> were not paid mandatory overtime premiums.

51.     The relevant time period dates back three years from the date on which this Complaint

was filed and continues forward through the date of judgment because the FLSA provides a three-

year statute of limitations for claims of willful violations brought under the Act 29 U.S.C. §

255(a).

52.     All potential 216(b) Collective Members are similarly situated because they worked

for Defendants as hourly employees and are or were subject to Defendants' common policy of

failing to pay minimum wage and overtime premiums.

53.     The 216(b) Class consists of approximately 10 employees.

54.     At all times relevant to this action, Defendants employed persons, including Plaintiff

and the Collective they seek to represent, within the State of Colorado.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Overtime Premiums**
**Violation of the FLSA (29 U.S.C. § 201 et seq.)**

55.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

56.     Plaintiff asserts this count on her own behalf and on behalf of all others similarly

situated. 29 U.S.C. § 216(b).

57.     Defendants employed Plaintiff in an enterprise engaged in commerce or in the

production of goods for commerce as that term is defined by the FLSA because Defendants had

annual gross revenues in excess of $500,000 and employed two or more persons, including

Plaintiff, who handled materials which had moved in interstate commerce during each year

relevant to this action. 29 U.S.C. § 203(s)(1).

58.     Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C.

§ 203(e).

59.     Defendants "employed" Plaintiff and others as that term is defined by the FLSA. 29

6

U.S.C. 203(g).

60.    Defendants was Plaintiff and others "employers" as that term is defined by the FLSA.

29 U.S.C. § 203(d).

61.    Defendants violated the FLSA when they refused to pay Plaintiff and others overtime

premiums for hours worked beyond 40 in each given workweek. 29 U.S.C. § 207.

62.    Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

63.    Plaintiff and others have suffered lost wages and lost use of those wages in an amount

to be determined at trial.

64.    Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated

damages, attorney fees and costs. 29 U.S.C. 216(b).

**SECOND CLAIM FOR RELIEF**
**Failure to Pay All Earned, Vested and Determinable Wages**
**<u>Violation of the CWCA (C.R.S. § 8-4-101, et seq.)</u>**

65.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

66.    Defendants were Plaintiff's and others' "employers" as that term is defined by the

CWCA because they employed Plaintiff and others in Colorado.  C.R.S. § 8-4-101(6).

67.    Plaintiff and others were Defendants' "employees" as that term is defined by the

CWCA because they performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

68.    Defendants violated the CWCA when they failed to pay Plaintiff and those similarly

situated all earned, vested and determinable wages upon separation from employment.  C.R.S. §

8-4-109.

69.    Defendants incurred penalties under the CWCA if they failed to tender wages due

within 14 days of receipt of Plaintiff's demand for all wages due to her and to those similarly

situated.  C.R.S. § 8-4-109.

70.    Plaintiff and others suffered lost wages and lost use of those wages in an amount to be

determined at trial.

71.    Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**THIRD CLAIM FOR RELIEF**
**Civil Theft, C.R.S. § 18-4-405**

72.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.    At all material times, Defendants have been an "employer" within the meaning of the Colorado Minimum Wage Act.

74.    At all material times, Defendants employed, and continue to employ, "employees," including Plaintiff and Collective Action Members, within the meaning of the Minimum Wage Act.

75.    Plaintiff and Collective Action Members were employees of Defendants within the meaning of the Minimum Wage Act.

76.    Defendants' knowing failure to pay minimum wage under the Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401.  *See* C.R.S. § 8-6-116.

77.    As a result, Defendants' failure to pay minimum wage under the Minimum Wage Act constitutes civil theft pursuant to C.R.S. § 18-4-405.

78.    Plaintiff and Collective Action Members are entitled to treble damages and attorneys' fees to be determined at trial.

79.    Plaintiff and the Collective Action Members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

8

This case be certified to proceed as a collective action under 29 U.S.C. §216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential FLSA Collective members;

   a.  Plaintiff and the 216(b) Collective be awarded unpaid overtime premiums;

   b.  Plaintiff and the 216(b) Collective be awarded liquidated damages as required by law;

   c.  Plaintiff and the 216(b) Collective be awarded pre-judgment and post-judgment interest as permitted by law; and

   d.  Plaintiff and the 216(b) Collective be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   e.  Plaintiff and the 216(b) Collective be awarded such other and further relief as may be necessary and appropriate.

And, as for her SECOND CLAIM and THIRD CLAIM, Plaintiff be awarded all damages provides for under the Colorado Minimum Wage Act.

Respectfully submitted this 16th day of November, 2024 by:

**THE LAW OFFICES OF JACOB ARONAUER**

By:   */s/ Jacob Aronauer*
Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
jaronauer@aronauerlaw.com
(212) 323-6980

*Attorney for Plaintiff*